UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAWN POUND,

                Plaintiff,

- against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**ORDER**

17 Civ. 6331 (PGG) (SN)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Shawn Pound filed this action on August 21, 2017 pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying him Supplemental Security Income ("SSI") benefits on the ground that he is not disabled. (Cmplt. (Dkt. No. 1))

        On August 23, 2017, this Court referred the action to Magistrate Judge Barbara C. Moses. (Order (Dkt. No. 6)) On April 2, 2018, Plaintiff moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Mot. (Dkt. No. 14)) On May 30, 2018, the Commissioner cross-moved for judgment on the pleadings. (Mot. (Dkt. No. 16))

        Between the filing of Plaintiff's and Defendant's motions, the case was reassigned to Magistrate Judge Sarah Netburn. On February 2, 2019, Judge Netburn issued a Report and Recommendation (R&R) recommending that this Court grant the Commissioner's motion, and deny Plaintiff's motion. (R&R (Dkt. No. 18)) In her R&R, Judge Netburn notified the parties that they had fourteen days from service of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. (R&R (Dkt. No. 18) at 17)

The R&R further states that "[t]he failure to file timely objections will result in a waiver of those objections for purposes of appeal." (Id.) Neither party has filed objections to the R&R.

## DISCUSSION

### I. STANDARD OF REVIEW

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no objections are filed to a magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

This Court has nonetheless reviewed Judge Netburn's comprehensive and well-reasoned R&R and is satisfied that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

2

## II. ANALYSIS

The ALJ determined that Plaintiff "has the following severe impairments: degenerative disc disease, diabetes mellitus, hypertension, gout, and obesity and depression." (AR at 27)[1] The ALJ further concluded, inter alia, that Plaintiff has the residual functional capacity ("RFC") to perform "light work," as that term is defined in 20 CFR 416.967(b), with certain exceptions,[2] and that "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (Id. at 29, 34)

Plaintiff contends that the ALJ's determination that he has the RFC to perform light work is not supported by substantial evidence, because: (1) she improperly accorded "little weight" to the opinion of Plaintiff's treating physician, Dr. Guzman; (2) she failed to consider the side effects of Plaintiff's medications; (3) she failed to properly consider Plaintiff's obesity; (4) she failed to develop the record; and (5) she failed to consider the combination of Plaintiff's mental and physical impairments. (Pltf. Br. (Dkt. No. 15) at 15-16, 21, 22, 23) Judge Netburn rejected all of these arguments in her R&R.

Plaintiff asserts that pursuant to the "treating physician rule," an ALJ must give controlling weight to a treating physician, provided that his or her opinion is "well-supported by medical findings and is not inconsistent with the other evidence in the record," and that the ALJ

---

[1] "AR" refers to citations to the Administrative Record.
[2] These exceptions are that Plaintiff "can frequently push/pull, with occasional foot controls, occasionally climb ramps or stairs, never climb ladders, ropes, or scaffolds, occasionally balance or stoop, never kneel, crouch, or crawl, frequently reach and frequently overhead reach, frequently handle, finger, and feel, avoid concentrated exposure to extreme temperatures, avoid concentrated exposure to wetness and humidity, avoid concentrated exposure to hazardous machinery, unprotected heights, and operational control of moving machinery," and should perform "unskilled work in a low stress environment defined as only occasional decision-making and changes in the work setting, and would be off task ten percent of the workday and miss one day per month." (AR at 29)

3

did not do so here. (Id. at 16 (citations omitted)) Judge Netburn determined that the ALJ properly accorded little weight to the opinion of Plaintiff's treating physician because the physician's conclusions "are inconsistent with other evidence in the record and with [the physician's] own treatment notes." (R&R (Dkt. No. 18) at 7-8) Judge Netburn pointed to specific examples of these inconsistencies – including the physician's conclusions that Plaintiff requires a cane to walk, and cannot stand or walk for more than four hours in a workday – and thoroughly and persuasively analyzed the evidence in the record that cases doubt on the physician's findings. (Id. at 8-9) Thus, Judge Netburn did not commit clear error in concluding that the ALJ properly gave little weight to the opinion of Plaintiff's treating physician.

Plaintiff also contends that the ALJ failed to properly consider the side effects of his medication, because Plaintiff testified that his medications cause drowsiness, but the ALJ "never stated that she considered [this] in determining [P]laintiff's RFC." (Pltf. Br. (Dkt. No. 15) at 21) Judge Netburn concluded that the ALJ properly considered the side effects of Plaintiff's medications, because "the record contains no corroborating evidence for Plaintiff's alleged drowsiness" – indeed, documents in the record show that Plaintiff "specifically denied experienc[ing] any side effects from his various medications," and his treating physician's notes "show that Plaintiff did not feel fatigued." (R&R (Dkt. No. 18) at 10) The Court finds no clear error in Judge Netburn's determination that the ALJ was not required to discuss Plaintiff's alleged side effects when "the record uniformly contradicts" Plaintiff's testimony about those side effects. (Id. at 11)

Plaintiff further maintains that the ALJ failed to properly consider Plaintiff's obesity in her decision, because she "never indicated how she considered obesity in determining [P]laintiff's RFC or what impact obesity had on [P]laintiff's RFC." (Pltf. Br. (Dkt. No. 15) at

4

22) Judge Netburn determined that the ALJ – who determined that Plaintiff's obesity was a severe impairment – properly considered this impairment in gauging Plaintiff's RFC, because the ALJ relied on the assessments on Plaintiff's treating and consulting physicians, who were aware of his problems with obesity. (R&R (Dkt. No. 18) at 12) As Judge Netburn accurately observes, "an ALJ has properly considered the effects of obesity if she 'weighs evaluations by doctors that have accounted for the claimant's [condition].'" (Id. at 11 (quoting Pualino v. Astrue, No. 08 Civ. 2813 (CM) (AJP), 2010 WL 3001752, at *18 (S.D.N.Y. July 30, 2010))) Accordingly, the Court finds no clear error in Judge Netburn's conclusion that the ALJ properly considered Plaintiff's obesity.

Plaintiff further argues that if the ALJ had concerns about the conclusions of his treating physician, "she should have reconnected with him to clarify those issues," because "the Commissioner has an affirmative duty to 'fill any clear gaps in the administrative record' before rejecting a treating physician's diagnosis.'" (Pltf. Br. (Dkt. No. 15) at 23 (quoting Selian v. Astrue, 708 F.3d 409, 420 (2d Cir. 2013))) Judge Netburn rejected this argument, observing that "the mere fact that [the treating physican's] opinion was unsupported by the record does not mean that the ALJ was required to contact him," and that the administrative record before the ALJ "[wa]s voluminous . . . contain[ing] over 250 pages of medical reports, including four consultative examinations and two medical source statements from Plaintiff's treating physician." (R&R (Dkt. No. 18) at 13) The Court agrees that administrative record is comprehensive, with no clear gaps. "[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information." Rosa v. Callahan, 168 F.3d 72, 79 n.5 (2d Cir. 1999)

5

(citation omitted). Accordingly, the Court finds no clear error in Judge Netburn's conclusion that the ALJ satisfied her duty to develop the record.

Finally, Plaintiff contends that the ALJ failed to consider the combination of Plaintiff's physical and mental impairments, because she afforded only "some weight" to the opinion of Dr. Carr, who performed a consultative psychiatric examination of Plaintiff and concluded that the results of the examination were consistent with problems that could interfere significantly with Plaintiff's daily functioning. (Pltf. Br. (Dkt. No. 15) at 24-25) Judge Netburn determined that the ALJ properly afforded "some weight" to Dr. Carr's opinion. Closely examining the evidence in the record, including the results of other doctors' evaluations of Plaintiff's psychiatric state, Judge Netburn explains that Dr. Carr's opinion "is not entirely consistent with other evidence in the record." (R&R (Dkt. No. 18) at 13-16) The Court agrees that in light of the inconsistent evidence in the record – including the evaluation of Plaintiff's treating physician – of Plaintiff's mental limitations, the ALJ's decision to afford Dr. Carr's opinion only "some weight" is supported by substantial evidence.

## CONCLUSION

For the reasons stated above, the Magistrate Judge's R&R is not clearly erroneous. Accordingly, the Court adopts the findings and conclusions set forth in the R&R. The Commissioner's motion for judgment on the pleadings is granted (Dkt. No. 16), and Plaintiff's motion for judgment on the pleadings is denied (Dkt. No. 14). The Clerk of the Court is directed to terminate these motions and to close this case.

Dated: New York, New York
March 31, 2019

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge